CC:MW

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 18 2013 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

\- against -

GEORGE ROMAN,

Defendant.

\- - - - - - - - - - - - - - - -X

COMPLAINT

(21 U.S.C. § 846)

13-1096M

EASTERN DISTRICT OF NEW YORK, SS:

Jeffrey Bolettieri, being duly sworn, deposes and states that he is a Task Force Officer with the Suffolk County Sheriff's Office, assigned as a Task Force Officer with the Drug Enforcement Administration, duly appointed according to law and acting as such.

On or about December 17, 2013, within the Eastern District of New York and elsewhere, the defendant GEORGE ROMAN did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his/her belief are as follows:[1]

1. I have been a Task Force Officer in Suffolk County for approximately twenty years and have served on a Drug Enforcement Administration ("DEA") Task Force for

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

approximately ten years. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, including the defendant's criminal history record, reports from confidential sources, and from reports of other law enforcement officers involved in the investigation.

2. On or about December 16, 2013, the defendant GEORGE ROMAN[2] had telephone conversations with Confidential Informant 1 ("CI 1"). During those telephone conversations, ROMAN agreed to broker a purchase, on behalf of a third-party buyer, of five kilograms of cocaine from CI 1 for approximately $28,000 per kilogram, for a total purchase price of approximately $140,000. During one conversation, ROMAN and CI 1 discussed the location of a meeting for ROMAN to make the drug purchase. ROMAN stated, in sum and in part, that he would be arriving in one vehicle and a separate vehicle would arrive carrying the money for the drug purchase.

3. On or about December 17, 2013, ROMAN met CI 1 and an undercover officer ("UC 1") at a restaurant in Manhasset, New York. Law enforcement officers observed ROMAN driving a silver Nissan minivan as he approached the restaurant. A second vehicle, a black Toyota sedan, was immediately behind the silver Nissan minivan. Law enforcement officers observed the black Toyota sedan circle the parking lot.

4. Law enforcement officers then observed ROMAN enter the restaurant and sit down at a table with CI 1 and UC 1. CI 1 and UC 1 then told ROMAN, in sum and in part, that ROMAN needed to show them the money that he was using to buy the cocaine.

---

[2] ROMAN is currently on supervised release in the Eastern District of New York in connection with a July 21, 2009 conviction in the District of New Jersey for conspiracy to import cocaine, in violation of 21 U.S.C. 963.

ROMAN agreed and exited the restaurant. He then approached the black Nissan sedan and spoke with the driver of the vehicle. ROMAN then called CI 1 and stated in sum and in part that he believed law enforcement was nearby. He entered the restaurant again and requested that CI 1 meet ROMAN at a new location. CI 1 and UC 1 did not agree to meet at another location. ROMAN then left the restaurant. Approximately 20 minutes later, ROMAN called CI 1 from a car dealership in Queens, New York and asked if CI 1 was going to meet him there.

5. Law enforcement officers then arrested ROMAN at the car dealership. A bag containing a scale with white powdery residue, plastic zip bags, a razor with white powdery residue, and United States currency was seized from the black Toyota sedan. The currency has not yet been counted, but based on my training and experience, I estimate the amount to be tens of thousands of dollars.

6. Based on my training and experience five kilograms of cocaine is an amount consistent with distribution.

WHEREFORE, your deponent respectfully requests that the defendant GEORGE ROMAN be dealt with according to law.

Jeffrey Bolettieri
Task Force Officer,
Drug Enforcement Administration

Sworn to before me this
18 day of December, 2013

THE HONORABLE WILLIAM D. WALL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK